UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| OSCAR ROSALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00080-WTL-DKL |
| ) | |
| CORIZON, INC., ) | |
| MCHAEL MITCHEFF M.D., ) | |
| MANDIP KAUR BARTELS M.D., ) | |
| NEIL JOHN MARTIN M.D., ) | |
| MARY RANKIN H.S.A., ) | |
| KIM HOBSON H.S.A., ) | |
| M. RODRIGUEZ R.N., ) | |
| R. ROBINSON R.N., ) | |
| UNKNOWN DEFENDANTS, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Oscar Rosales, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants have failed to properly treat his knee, back, and neck pain and his bladder issues. He alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution and the Americans with Disabilities Act and the Rehabilitation Act. Rosales's claims shall proceed as directed in this Entry.

**I. Screening of the Complaint**

Because Rosales is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Rosales, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the foregoing screening, **Rosales's Eighth Amendment claim of deliberate indifference to his serious medical needs shall proceed against defendants Dr. Neil Martin and Corizon.**

All other claims must be **dismissed**. First, while Rosales names generally claims against "medical defendants," he makes no specific factual allegation of wrongdoing on the part of any defendant other than Dr. Martin and Corizon. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). *George v. Smith,* 507 F.3d 605, 609 ((7th Cir. Cir. 2007)("Only persons who cause or participate in the violations are responsible"; an official "who rejects an administrative complaint about a completed act of misconduct does not [cause or contribute to the violation]").

In addition, Rosales has failed to state an equal protection claim for relief under the Fourteenth Amendment. "The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse,*

595 F.3d 691, 695 (7th Cir. 2010). Rosales has not alleged that he was treated differently based on his membership in a particular class or that he was irrationally targeted for disparate treatment.

Next, Rosales has failed to allege the elements of a claim under the Americans with Disabilities Act ("ADA") or the Rehabilitation Act. Both claims require the following showing: (1) the plaintiff is a qualified individual with a disability; (2) the plaintiff was either excluded from participating in, or denied the benefits of, a public entity's services, programs, or activities, or were otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of disability. *Flynn v. Doyle*, 672 F. Supp. 2d 858, 878 (E.D. Wis. 2009). While Rosales alleges that he has received inadequate medical treatment, he has not alleged that he was discriminated against on the basis of a disability.

Finally, claims against all unknown defendants are **dismissed** . . . for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Rosales is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

## II. Further Proceedings

Rosales's claims for deliberate indifference to his serious medical needs shall proceed against Dr. Neil Martin and Corizon. All other defendants shall be **terminated**. The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Neil Martin and Corizon in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable

forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 4/25/16

Distribution:

OSCAR ROSALES
194882
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Dr. Martin
Wabash Valley Correctional Facility
PO Box 1111
Carlisle, IN 47838