UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| OSCAR ROSALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00080-WTL-DKL |
| ) | |
| CORIZON, INC., NEIL JOHN MARTIN ) | |
| M.D., COMMISSIONER, INDIANA ) | |
| DEPARTMENT OF CORRECTION, ) | |
| MICHAEL MITCHEFF, PULKIT J. PATEL, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Plaintiff Oscar Rosales, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants have failed to properly treat his knee, back, and neck pain and his bladder issues. He has filed an Amended Complaint in which he alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution and the Americans with Disabilities Act and the Rehabilitation Act. Based on the filing of the Amended Complaint, the motion to dismiss [dkt 17] is **denied as moot**.

The claims alleged in the Amended Complaint shall proceed as directed in this Entry.

**I. Screening of the Complaint**

Because Rosales is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Rosales, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the foregoing screening, **Rosales's Eighth Amendment claim of deliberate indifference to his serious medical needs shall proceed against defendants Dr. Neil Martin, Dr. Pulkit J. Patel, Dr. Mitcheff, and Corizon.**

In addition, Rosales's claim under the Rehabilitation Act that he is not being allowed to use a wheelchair **shall proceed** against the Commissioner of the Indiana Department of Correction ("IDOC") in his official capacity.

The **ADA claims are dismissed.** The relief provided by the ADA and Rehabilitation Act are coextensive and a plaintiff suing under both statutes may have only one recovery. *Jaros*, 684 F.3d at 671 *(citing Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained)). In addition, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Id.* For these reasons the ADA claims (and their associated question of sovereign immunity) are summarily dismissed. *Id.*

In addition, all other claims must be **dismissed**. Similar to his original complaint, while Rosales names generally claims against defendants Nurse Hobson and Nurse Robinson, he makes

no specific factual allegation of wrongdoing on the part of these defendants. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). His general allegations that these defendants violated his rights by "refusing to provide adequate medical care," are insufficient to state a claim against these defendants. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The plaintiff's broad allegations against Hobson and Robinson do not raise his right to relief above a speculative level.

In addition, Rosales has failed to state an equal protection claim for relief under the Fourteenth Amendment. "The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse,* 595 F.3d 691, 695 (7th Cir. 2010). Rosales has not sufficiently alleged that he was treated differently based on his membership in a particular class or that he was irrationally targeted for disparate treatment. He also has failed to allege specific facts that any particular defendant has violated his Equal Protection rights.

Finally, claims against all unknown defendants are **dismissed** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh

Circuit. If through discovery, Rosales is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

## II. Further Proceedings

As discussed, Rosales's claims for deliberate indifference to his serious medical needs shall proceed against Dr. Neil Martin, Dr. Pulkit J. Patel, Dr. Mitcheff, and Corizon. His claim under the Rehabilitation Act shall proceed against the Commissioner of the IDOC in his official capacity. All other defendants shall be **terminated**. Corizon and Dr. Martin have already appeared in this action. In addition, Corizon and Dr. Martin filed an Answer to the Amended Complaint before the screening of the Amended Complaint was complete. Accordingly, the Answer to the Amended Complaint (dkt 29) is **stricken as premature**. Corizon and Dr. Martin shall have **twenty-one days** from the date of this Entry to Answer the Amended Complaint as screened.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Pulkit Patel, Dr. Mitcheff, and the Commission of the IDOC in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 8/12/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

OSCAR ROSALES
194882
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All electronically registered counsel

Dr. Pulkit Patel
Terre Haute Regional Hospital
3901 South 7th Street
Terre Haute, IN 47802

Dr. Mitcheff
Indiana Department of Correciton
302 W. Washington Street
Room E-334
Indianapolis, IN 46204

Commissioner
Indiana Department of Correction
302 W. Washington Street
Room E-334
Indianapolis, 46204