UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| OSCAR ROSALES, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 2:16-cv-00080-LJM-MJD |
| CORIZON, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**Entry Granting Motion to Set Aside Default and Denying Motion for Default Judgment**

In this action brought pursuant 42 U.S.C. 1983, plaintiff Oscar Rosales asserts that the defendants were deliberately indifferent to his need for medical care. Based on his failure to appear and respond to the complaint, default was entered against defendant Pulkit Patel. Patel now seeks to set aside the default and Rosales has moved for default judgment against Patel.

**Standard**

A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009).

**Discussion**

A. *Good Cause and Quick Action*

Dr. Patel argues that he has good cause for the default. Dr. Patel was named as a defendant in Rosales' amended complaint. On August 12, 2016, the Clerk of the Court

mailed a "Notice of Lawsuit & Waiver" relating to the Amended Complaint to Dr. Patel to the former office of Urology Practice Group of Regional Healthcare Partners ("RHP") located on Ohio Street in Terre Haute, Indiana. The notice was returned to the Court as undeliverable and the Clerk mailed another notice to Dr. Patel. The notice included the Amended Complaint, a Notice of Lawsuit and Request for Waiver of Service of Summons, Waiver of Service of Summons, and the Court's August 26, 2016, Entry Directing Further Proceedings.

Dr. Patel was one of several doctors in RHP's Urology Practice Group from July 2009, until his retirement on December 31, 2015. After RHP received the August 2016 Notice, its Urology Practice Office Manager, Lori Webster ("Webster") called Dr. Patel indicating that mail addressed to him had been delivered to the 4th St. Office of the Urology Practice Group. After Webster's call, Dr. Patel went to the 4th St. Office and reviewed the documents included in the August 2016 Notice. Dr. Patel signed the Waiver of the Service of Summons believing that signing and returning that document was how he was to respond to the legal papers. The Court received Dr. Patel's executed Waiver on September 12, 2016.

The day he reviewed the documents, Dr. Patel directed Webster, the Office Manager, to deliver them to RHC's practice manager Bridgett Sullivan ("Sullivan") and to inform Sullivan that Dr. Patel wanted her to send them to his insurance carrier. During Dr. Patel's time with RHP, this had always been the standard office procedure. Webster carried out Dr. Patel's instructions and delivered the Amended Complaint to Sullivan, and informed her of Dr. Patel's instruction for Sullivan to deliver them to his insurance company. Unbeknownst to Dr. Patel, Sullivan did not deliver the papers to his insurance

carrier or notify the company of the delivery of the Amended Complaint to the 4th St. Office.

In January 2017, the Second Amended Complaint was delivered to the 4th St. Office. At that time, Dr. Patel was in India. On February 7, 2017, Dr. Patel returned to Terre Haute from that two-month trip to India. On February 8, 2017, Dr. Patel went to the 4th St. Office to check if he had received any mail from anyone. He then saw that papers from a court which had been delivered by mail to that office. Dr. Patel reviewed the papers and concluded that they related to the claim Mr. Rosales had filed against him, the same claim which was the subject of the documents he had seen in September 2016. In accordance with the standard RHP procedure, he instructed Webster to give the documents to Sullivan and to inform Sullivan she needed to send them to the insurance company. Webster did as she was instructed. However, Sullivan did not deliver them to the insurance company. As was the case with the first mailing, Dr. Patel had no knowledge that Sullivan had not complied with his instructions to deliver the documents in the second mailing to his insurance company.

On April 25, 2017, Webster and Sullivan became aware of the delivery of mail addressed to Dr. Patel regarding the plaintiff's claim. These included a letter from Rosales' attorney and Rosales' Motion for Entry of Default. Sullivan's review of these documents made her realize that she had not sent the court documents previously mailed to Urology Practice Group to Dr. Patel's insurance company. Sullivan then immediately transmitted the Motion for Entry of Default to the insurance company, who then promptly emailed the motion to counsel for Dr. Patel. Because the attorney

was engaged in other business, he did not see the email until after all staff had left the office. The next morning, counsel appeared on behalf of Dr. Patel.

Based on these facts, the Court finds good cause to set aside the entry of default against Dr. Patel. Dr. Patel did not simply ignore the Court's orders, but acted reasonably upon the receipt of documents from the Court. Based on the practice of RHP and previous experience, he reasonably expected that his actions – signing the paperwork and notifying the office manager – were sufficient to respond to the Court's directions. In addition, Dr. Patel has shown quick action to correct the delinquency. His office and his counsel acted promptly upon being made aware that default had been entered against him.

B. *Meritorious Defense*

Dr. Patel also argues that he has a meritorious defense to Rosales's claims against him. Rosales asserts an Eighth Amendment claim against Dr. Patel. To state an Eighth Amendment claim for deliberate indifference for deficient medical care, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). "Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Rosales alleges that Dr. Patel performed "emergency" surgery on his bladder and that such surgery was "inadequately performed." He also claims that the surgery "was reported by other medical professionals to be experimental in order to be cost effective for the Indiana Department of Corrections and Corizon Medical, Inc." Dr. Patel presents evidence that the surgery

he performed on Rosales's urethra was performed properly and without incident. At this stage of the proceedings, the Court finds that Dr. Patel does have a meritorious defense to Rosales's claims.

## Conclusion

For the foregoing reasons, Dr. Patel's motion to set aside default, dkt. [96], is **granted** and Rosales's motion for default judgment, dkt. [99], is **denied**.

**IT IS SO ORDERED.**

Date: __7/7/2017__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

OSCAR ROSALES
194882
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronically Registered Counsel